UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

ODELL WILLIS,

           Plaintiff,

vs

THE COUNTY OF ONONDAGA,

           Defendant.

Civil Action No.
5:14-cv-1306 (GTS/ATB)

**COMPLAINT**

**JURY DEMAND**

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon the existence of federal questions with respect to Plaintiff's claims under Title VII of the Civil Rights Act of 1964, , 42 §U.S.C., 2000e et seq., as amended by the Civil Rights Act of 1991; and the Civil Rights Act of 1866, 42 U.S.C. §1981.

2. Jurisdiction of the Court regarding Plaintiff's claims arising under the laws of the State of New York is based upon the Court's supplemental jurisdiction as authorized by 28 U.S.C., §1331, §1343(a)(4), and §1367(a),New York Human Rights Law ("NYSHRL"), 290, et. Sea., and New York common law for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Breach of Contract.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

4. Plaintiff is a citizen of the United States, and a domiciliary of the State of New York, and he resides in Onondaga County.

5. Defendant is a municipal corporation located within the State of New York, and the County of Onondaga. It is an employer with at least 15 employees, which houses pre-sentenced state inmates, and federal inmates by contract.

## PRELIMINARY STATEMENT

6. This is a civil action asserting causes of action for employment discrimination prohibited by Title VII of the Civil Rights Act of 1964, , 42 §U.S.C., 2000e et seq., as amended by the Civil Rights Act of 1991, and the Civil Rights Act of 1866, 42 U.S.C. §1981; and a state law cause of action for employment discrimination prohibited by the New York state Executive Law, Article 15, NYSHRL 290 et seq., and state common law causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, ad breach of contract.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff has been employed with Defendant since October 26, 1987, as a sheriff's deputy in the custody division of the Sheriff's Office of Onondaga County. Plaintiffs supervisors

have determined him to be a good employee, he has performed his job duties in a satisfactorily manner, and has received commendation(s) over his career.

8. In the 1990s Plaintiff was a part of multi-plaintiff lawsuit brought by Black deputies for discrimination against them by the Defendant. As a result of the lawsuit, Plaintiff took his matter to trial and in February 2010 won a jury verdict that Defendant was a racially hostile work environment.

9. At different times during his employment he has been harassed because of his race and sex. In or about 2006-2008, Plaintiff was subjected to a series of events where he was held down (arms pinned beneath him) by a fellow male deputy across a table and "humped" by that deputy in a sexual manner. Plaintiff made a complaint and wrote a report concerning the incident. To his knowledge, the offending white deputy, D. B., was not disciplined for his sexual treatment of Plaintiff. Previously Deputy A. asked Plaintiff if he could perform oral sex on him to which he flatly refused. Plaintiff complained to Defendant, but nothing was done.

10. Plaintiff is one of two African American in this unit, and the only black on his shift. Plaintiff works in the transport unit and has been exposed to racially and sexually explicit graffiti from fellow deputies, and complained to Defendant. Nothing has been done.

11. The atmosphere in this unit is highly hostile. For example, in December 2011, the Sgt. B., a supervisor in Plaintiff's unit, came up behind up him and with a bladed hand swiped between his buttocks. Plaintiff has consistently told Sgt B. that his conduct is unwelcome. Sgt. B. has replied,"Don't act like you didn't like it."

13. There is a constant environment where Plaintiff has to fend off being touched by other male deputies near or at his groin area, or having fingers put into his ears.

14. Between December 2011 to April 2012, Plaintiff had been targeted by Sgt. B. due to his complaints of sexual harassment through abuse of authority. This includes yelling at Plaintiff, whether alone or in a room full of people, talking down to him in a demeaning tone, directing him to do clerical duties to prove rank, refusing to allow Plaintiff to speak, and dealing with him generally in a curt and abrupt manner. This differs from the treatment afforded Plaintiff's white counterparts where Sgt. B. takes them into his office to discuss matters, he smiles and speaks to them in a professional and respectful tone. They are not assigned menial and/or clerical tasks.

15. In May 2012, Plaintiff while working on making updates to the computer for court dates finished he attempted to walk down the only accessible aisle. Sgt. B. sat in a position with his leg propped up on a chair blocking Plaintiff from passing. Although Sgt. B. saw him standing there and needing to past, he would not move until Plaintiff verbally requested to get by. Plaintiff white counterparts are not treated and demeaned in this way.

16. In February 2014, Sgt B. placed both of his hands on Plaintiff's buttocks. Plaintiff reported the incident, and nothing was done. In March 2014, Sgt. B. came up behind the Plaintiff while pressing himself close to his backside placed both hands on his shoulders. Plaintiff told Sgt. B. that the physical touching was unacceptable and that he should not be putting his hands on him. Plaintiff reported it to Defendant and nothing has been done.

17. Plaintiff has seen other males hazed and sexually touched in the unit, including rookie officers. In Spring 2014, Plaintiff saw photographs posted in his unit of a deputy pushing a rookie officer through the inter-building tunnels in a grocery cart. The rookie officer had been handcuffed to the cart. Upon and information, there is video of this incident. Plaintiff complained about the incident after seeing pictures posted, and to his knowledge none of these officers have been disciplined.

18. Plaintiff complained to Defendant about Sgt. B.'s actions concerning his touching of him, and Defendant is well aware of the racial hostility and sexual innuendos. Sexual jokes are made all the time. There is constant talk about people being given or receiving "blow jobs." Plaintiff has complained about such sexual jokes and innuendos. But nothing has been done to stop it.

19. On March 14, 2014, upon the Plaintiff's report for duty he was summarily ordered by Sgt. B. to go outside and clean off cars. The typical practice for cleaning off of cars is that you only clean off the car that you are being assigned. The significance of the request is grounded in the fact that Plaintiff's shift didn't start until 2 PM on that date, and the brunt of the snowstorm occurred earlier in the morning such that City Court closed by 11AM. There is no logical reason that Plaintiff, the only African American, on the shift, to have been the only one ordered to clean cars. At the time of Sgt. B.'s order at least 20 plus white deputies were already there sitting around and basically "twiddling" their fingers. Upon information and belief, no white deputy was ordered to clean cars.

20. When Plaintiff asked Sgt. B. if he could speak with him privately about his order, he told him, No. This was done in front of all the other deputies. Next, Sgt. B. yelled that he didn't have to speak with the Plaintiff who should get outside and do what he had told him to do because he'd lingered long enough. The other workers in the unit who were crowded around Sgt. B. were sitting with their legs either folded, or spread out in front of them with their hands behind their heads. These white officers laughed and snicked at Sgt. B.'s demeaning order. Plaintiff was humiliated.

21. Because Plaintiff complained about Sgt. B.'s sexual harassment and wrote a report about the handling of this issue, the next day he was retaliated against by Sgt. B. Sgt. B. wrote him up, and he was disciplined. Upon and belief, Defendant's alleged investigation into Plaintiff's allegations of Sgt. B.'s demeaning order consisted of fellow deputies only being asked to write reports about incidences where they felt the Plaintiff would be at fault. They were not asked about what had actually happened. On the date in question.

Such a method of investigation was designed to retaliate against Plaintiff for making a complaint.

22. Plaintiff has been hit by fellow officers and nothing has been done. For example, just weeks ago, Plaintiff was on a road detail with Deputy A. When Deputy A. took the liberty of speeding while in a turn. Plaintiff asked him to drive more safely. In response, Deputy A. reached over and punched hard the Plaintiff in the leg. Plaintiff informed Deputy A. that his behavior violated his space and person. Deputy A. acted as if it didn't matter. Plaintiff reported the physical assault by Deputy A. and nothing has been done. Plaintiff believes because Sgt. B. has been allowed to physically touch him on so many occasions with impunity and in the presence of others that now there is a general understanding that unwanted physical touching of Plaintiff is acceptable behavior.

## FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE VII

23. Plaintiff incorporates hereunder by reference paragraphs 1-22, as set forth above.

24. Plaintiff is protected under the Title VII from employment discrimination based upon race or his gender and/or sex. Plaintiff was subjected to unwanted sexual touching and attention, graphic sexual comments and conversations, racially hostile comments, epithets and jokes, abuse of authority

25. Defendant discriminated against Plaintiff by failing to or refusing to take effective action to stop the harassment of Sgt. B., or dealing with the harassing environment against him.

26. Plaintiff reported the harassing behavior to several supervisors including Lt. Raus, Internal Affairs, etc.. Plaintiff has written wrote and yet no action was taken to reprimand or discipline Sgt. B., Lt. Raus, or their conduct towards him, and the behavior was allowed to continue unabated.

27. Defendant's actions in violating the Title VII were intentional, willful, malicious, and/or in reckless disregard for Plaintiff's federally protected rights.

28. As a result of Defendant adverse employment actions, Plaintiff is entitled to all remedies and relief and provided for a violation of the Title VII.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW

29. Plaintiff incorporates hereunder by reference paragraphs 1-23, as set forth above.

30. Plaintiff is male and is protected under the New York Human Rights Law from employment discrimination based upon his gender, sex and race.

31. Defendant discriminated against him by taking the above-described adverse actions against him, concluding without limitation, failure to effectively correct the harassing conduct of Sgt. B., Lieutenant Raus upon notice of the behavior which included unwanted sexually touching and attention, graphic sexual comments and conversation, racially hostile comments, epithets and jokes, abuse of authority in violation of the NYSHRL 290 et. seq.

32. Plaintiff exhausted his administrative remedies and timely filed his original charge.

33. Defendant's actions in violating the NYSHRL were intentional, malicious and/or in reckless disregard for Plaintiff's rights hereunder.

### THIRD CAUSE OF ACTION:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff incorporates hereunder by reference paragraph 1-33, as set forth above.

35. Plaintiff has been subjected to extreme and outrageous conduct of Defendant B. that the failure or refusal to correct the harassment of Sgt. B. against his are intolerable and forced an impossible choice upon the Plaintiff.

36. Defendant's intent to cause or have a disregard for the substantial probability of causing severe emotional distress in that it knowingly disregarded the safety of Plaintiff and left him to fend for himself in dealing with the harassing behavior of Sgt. B.

37. The adverse employment acts of Defendants caused Plaintiff depression, emotional distress, loss of consortium, anguish, and stress.

### FOURTH CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff incorporates hereunder by reference paragraphs 1-37, as set forth above.

39. The discrimination experienced by Plaintiff because of his gender and/or sex, and race was allowed by Defendants when they failed or refused to take corrective action to stop the sexual harassment and harassment by Sgt. B. or fellow co-workers that has caused Plaintiff to be in fear for his safety, and the overt disparate treatment of him.

40. Defendant is aware of this risk and continued to subject Plaintiff to such risk repeatedly despite its ability to take effective corrective action.

41. As a result of the Defendant's acts, Plaintiff has suffered emotional distress such that he is depressed.

## FIFTH CAUSE OF ACTION:
## BREACH OF CONTRACT

42. Plaintiff incorporates hereunder by reference paragraphs 1-41, as set forth above.

43. The collective bargaining agreement between Defendant and Deputy Sheriff's Benevolent Association (DSBA) under which Plaintiff is a covered employee prohibits harassment.

44. Defendant was fully aware of the harassing conduct of Sgt. B., the sexually laden and racially disparate work environment. Defendant failed or refused to take corrective action to stop the discriminatory conduct in violation of the contract.

45. Defendant has engaged in discriminatory treatment which has impacted Plaintiff and denied him on the basis of gender and sex, and race the rights, conditions and other incidences of employment guaranteed by the agreement.

## SIXTH CAUSE OF ACTION:
## VIOLATION OF 42 U.S.C. §1981, as amended

46. Plaintiff incorporates hereunder by reference paragraphs 1-45, as set forth above.

47. Plaintiff is a male and is protected under the Civil Rights Act of 1866, Section 1981 as amended, from employment discrimination based upon sexual harassment and racial harassment.

48. Defendant was fully aware of the harassing conduct of Sgt. B.; the sexually laden and racially disparate work environment; the previous incidents of sexual harassment of Plaintiff by fellow deputies. Despite this knowledge, Defendant failed or refused to take corrective action to stop the violation of the contract.

49. Plaintiff has brought this action within three (3) years of Defendant's actions.

50. Defendant actions in violating the Section 1981 were intentional, malicious and/or in reckless disregard for Plaintiff's rights hereunder.

51. As a result of Defendant's failure and refusal to take effective action to stop the sexual harassment and racially demeaning and disparate actions of Sgt. B., Plaintiff is entitled to all remedies and relief provided for a violation of Section 1981 as amended.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that the Court:

1. Enter an immediate order requiring Defendant to preserve all existing records, journals, logs, correspondence, tape recordings, video recordings, photographs, and other documents and things reflecting information about the incidents and patterns of activity described above, or about the Defendant's consideration of these matters;

2. Award Plaintiff compensatory damages under 42 U.S.C. §1981A for violation of Title VII, Section 1981, in an amount sufficient to provide a full remedy for the injuries suffered by Plaintiff;

3. Award prejudgment and post judgment interest on the award of compensatory damages;

4. Award punitive damages under 42 U.S.C. §1981 and under 42 U.S.C. §1981A, in an amount sufficient to reflect the full depths of Defendant's violations of those laws and in an amount sufficient to deter the Defendant from committing similar violations;

5. Award Plaintiff compensatory and punitive damages under NYSHRL §290, et seq., in an amount sufficient to reflect the full depths of the Defendant's violation of those laws and in an amount sufficient to deter in from committing similar violations;

6. Award actual and special damages for breach of contract, intentional infliction of emotional distress and negligent infliction emotional distress to provide a full remedy for the injuries suffered by Plaintiff;

7. Award to Plaintiff his attorney's fees, and the costs and expenses of this lawsuit under 705(k) of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(k) as amended, and under 42 U.S.C. §1988;

8. Leave to amend the pleadings as necessary; and,

9. Award Plaintiff such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues except the award of attorney's fees and the cost and expense of this litigation.

Dated: October 24, 2014
Syracuse, New York

Respectfully submitted,

K. FELICIA DAVIS, ESQ.
Bar Roll No. 510186
Office Address:
499 S. Warren Street, Suite 614
Syracuse, New York 13202
(315) 383-6388